HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY P. KEYTER,<br><br>    Plaintiff,<br><br>    v.<br><br>AIR INDIA,<br><br>    Defendant. | CASE NO. C09-0825RAJ |
| ANTHONY P. KEYTER,<br><br>    Plaintiff,<br><br>    v.<br><br>FORD MOTOR COMPANY,<br><br>    Defendant. | CASE NO. C09-897RAJ |
| ANTHONY P. KEYTER,<br><br>    Plaintiff,<br><br>    v.<br><br>BOEING COMPANY,<br><br>    Defendant. | CASE NO. C09-962RAJ<br><br>ORDER IN RELATED CASES |

Plaintiff Anthony Keyter has filed the three above-captioned actions. Two were initially assigned to the undersigned judge, and the third (Case No. C09-897) was

ORDER – 1

transferred to the undersigned judge because it is related to the other two cases, pursuant to this District's policy to transfer related cases to the judge with the lowest case number.

Mr. Keyter is no stranger to this District's courts or to the federal courts in general. Three of his previous suits were dismissed in this District. One of those dismissals, in *Keyter v. United States*, came in an order that barred Mr. Keyter from filing certain suits in this District. *See* Case No. C08-5235RBL (Dkt. # 13) (May 13, 2008 order) (hereinafter "Bar Order"). The Bar Order detailed Mr. Keyter's habit of attempting to bring criminal charges against hundreds of government officials, ranging from the President of the United States, members of Congress, federal and state judges, and a host of others. It noted that Mr. Keyter had been admonished by at least two federal district courts that private citizens have no right to institute criminal charges. The Bar Order observed that Mr. Keyter's complaints stem from his divorce proceeding in 2000 in Pierce County Superior Court. Mr. Keyter was dissatisfied with the result of his divorce, and blamed the presiding judge, his former wife, and her attorney for the outcome. He then embarked on a campaign of communicating with government officials in an effort to correct what he believed to be a miscarriage of justice. When his efforts were unsuccessful, he named each of the officials with whom he communicated as a co-conspirator. Numerous iterations of this process have led to Mr. Keyter's current allegations, contained in a three volume "Dossier of Crimes" which he has filed in each of these cases. The Dossier of Crimes alleges that more than 14,000 government officials at all levels of state and federal government are "known insurgents" guilty of various "crimes." Among the "known insurgents" are members of the United States armed forces, the entire United States Cabinet, thousands of state and federal judges, entire Congresses of the United States, state executive officials, state legislators, prosecuting attorneys, and a few Washington city officials for good measure.

ORDER – 2

The Bar Order concluded with a prohibition on further suits from Mr. Keyter that arise from his efforts to remedy what he believes to be an unjust result in his divorce proceedings:

> The plaintiff, Anthony P. Keyter, is hereby prohibited from filing in this court any action which arises from his previous divorce and plaintiff's resulting actions to remedy the alleged injustices. If plaintiff attempts to file in this Court any other action arising from the divorce action or if a matter is transferred to this Court from another District raising this subject matter, it will be summarily dismissed.

Bar Order at 3.

The three above-captioned actions are within the scope of the Bar Order. As Plaintiff makes abundantly clear by including his prolix "Dossier of Crimes" as a filing in each of these three cases, these three cases arise from the same conspiracy allegations that led to the Bar Order. In summary, he uses the new cases to allege that high-level federal government officers (including the President of the United States), conspired with The Boeing Company ("Boeing") to kidnap and murder the Plaintiff. Air India was allegedly a co-conspirator in the plot, motivated both by its close commercial ties with Boeing and by its desire to prevent Mr. Keyter from reporting on its alleged aviation safety violations. The Ford Motor Company ("Ford") does not appear to be directly involved in the alleged conspiracy, but is implicated because its Chief Executive Officer, Alan Mulally, was a Boeing officer until he left for the Ford CEO post in September 2006. Ford is liable, in Plaintiff's view, because Mr. Mulally works there and because Ford's board of directors has helped thwart Plaintiff's efforts to prosecute Mr. Mulally.

Although Plaintiff has expanded upon the allegations that were the subject of the Bar Order, the court finds that the above-captioned suits are subject to that order as well. Without the allegations that are the subject of the Bar Order, the new material in the instant suits amounts to a wholly implausible allegation that three corporations were involved in a plot to kidnap and murder him for no reason. Plaintiff has not pleaded any particular facts to explain his allegations, but insists that he has evidence that he will

ORDER – 3

reveal once the court appoints an investigator.  The Bar Order was intended to prevent further use of judicial resources to address wholly implausible allegations, and the court holds that Plaintiff cannot avoid the Bar Order simply by adding additional implausible allegations against non-governmental entities to supplement his previous implausible allegations against government officers.

As a further reason to apply the Bar Order to these three cases, the court notes that Plaintiff continues to abuse legal process just as he did in the cases that led to the Bar Order.  In each case he has filed motions and requests insisting that criminal activity is occurring, and asking the court to arrest various persons and to appoint a prosecutor.  He has improperly filed some of these motions *ex parte*.  Even if Plaintiff's allegations were supported by credible evidence, the court would have no authority to award relief on his motions.  This court does not institute criminal charges, does not appoint prosecutors, and does not effectuate arrests except in narrow circumstances that are not present in any of these cases.  Plaintiff is either aware of this, or has willfully ignored prior orders advising him that neither private citizens nor federal courts are empowered to bring criminal charges, appoint prosecutors, or arrest persons who have not been charged or indicted.  Thus, even if Plaintiff's allegations were not wholly implausible, this court could not award him the relief he seeks.  The Bar Order makes clear that Plaintiff has already been warned about this type of abuse of process.  Plaintiff's conduct in these cases makes clear that he has ignored the Bar Order.

Also accompanying each action is a familiar tactic from the cases that led to the Bar Order:  an "affidavit of prejudice" against the undersigned judge.  Plaintiff insists that this undersigned judge has no jurisdiction to hear his case, apparently for the simple reason that the undersigned judge has entered the conspiracy against Plaintiff merely by his association with other judges in this District.  The court finds no merit to these allegations, and declines to recuse from these actions.  Typically, Local Rules W.D. Wash. GR 8(c) would require the court to refer Plaintiff's request for disqualification to

ORDER – 4

the Chief Judge of this District, but that act is pointless in this case.  Plaintiff has already named the Chief Judge as a co-conspirator, along with every other judge in this District.  Plaintiff also names every Ninth Circuit appellate judge, and every Justice of the United States Supreme Court.  Under these circumstances, there is no judge to give Plaintiff's affidavits of prejudice a second look.  The court declines to delay this action by engaging in a time-consuming quest to find a judge with jurisdiction who is not an alleged member of the conspiracy against Plaintiff.  Even if the court found such a judge, it is apparent that Plaintiff would immediately name him or her a co-conspirator as well.

By authority of the Bar Order, the court summarily dismisses each of the three above-captioned actions.  In these three actions, Plaintiff has repeated both the allegations and the abusive litigation conduct that led to the Bar Order.  The Bar Order authorizes summary dismissal of his actions in these circumstances.

The court further warns Mr. Keyter that if he continues to make improper filings in these cases, he will be subject to an order to show cause why the court should not impose monetary sanctions or other sanctions against him.

IT IS SO ORDERED.

DATED this 3rd day of August, 2009.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 5